**GOLDBERG SEGALLA LLP**
600 Lexington Avenue / Suite 900
New York, New York 10022-6000
(646) 292-8700
Fax: 646-292-8701
Attorneys for Defendant, Scottsdale Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GISSIM, INC. d/b/a SURF MANOR HOME FOR ADULTS, | Docket No.: |
| Plaintiff | **NOTICE OF REMOVAL** |
| v. | |
| SCOTTSDALE INSURANCE COMPANY, | |
| Defendant. | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Scottsdale Insurance Company ("Scottsdale"), by its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Supreme Court of New York, County of Kings, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of New York. In support of said Notice, Defendant Scottsdale states as follows:

1.      Plaintiff, Gissim, Inc. d/b/a Surf Manor Home For Adults, (hereinafter "Plaintiff" or "Gissim"), filed its Complaint ("State Complaint") in the Supreme Court of New York, County of Kings, on or about May 12, 2016.

2.      Upon information and belief, on or about May 19, 2016, service of process was effected on the Defendant, Scottsdale. A copy of the Complaint, Certification, and

Notices, filed in State Court, as received by the Defendant, is attached hereto as **Exhibit A.** No other pleadings have been filed in State Court or otherwise received by the Defendant.

**Diversity of Citizenship**

3.      Plaintiff asserts in the caption of the Complaint that it is a corporation with a State of New York address. *See* **Ex. A.**

4.      Defendant Scottsdale is a corporation organized under the laws of the state of Arizona, with its principal place of business in Scottsdale, Arizona, and thus is a citizen of the State of Arizona within the meaning of 28 U.S.C. §1332(c)

5.      Pursuant to 28 U.S.C. § 1332(c), full diversity exists among all parties in this action.

**Amount in Controversy**

6.      Plaintiff has not specified the amount of damages in its Complaint. Rather, Plaintiff alleges that it is entitled to defense, indemnity and coverage under the policy of insurance, issued by Defendant Scottsdale to Plaintiff, Policy No: OPS00058891 (the "Policy"). *See* **Ex. A**, p. 3

7.      The Policy has a limit of liability of $2 million per "occurrence."

8.      Upon information and belief, as alleged in the State Complaint herein, the Plaintiff is seeking in excess of $75,000 from the Defendant. *See* **Ex. A**, p. 3. Therefore, upon information and belief, this action filed by the Plaintiff has an amount in controversy in excess of $75,000.

9.      The Court considers the allegations of the Complaint when examining removal based on, among other things, the amount in controversy. *See United Food &*

*Comm. Workers Union v. CenterMark Properties Meriden Square Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) ("Court first looks to the complaint, and then to the moving papers, and then to anything else."). The Defendant is entitled to show "what the stakes of the litigation could be"[1] and its Notice of Removal "serves the same function as the complaint would in a suit filed in federal court." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)).

10.    Based on the above, this Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## Plea for Removal

11.    This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

12.    None of the impediments to removal under 28 U.S.C. § 1445 are presented in this action.

13.    This Notice of Removal is filed with this Court within the requisite thirty days after service on the Defendant. 28 U.S.C. § 1446. Furthermore, the Defendant and its attorneys submit this Notice of Removal made and signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

---

[1] Without conceding that the Plaintiff is entitled to any amount or damages, the Defendant maintains this position for the limited purpose of this removal action.

14.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served upon the Defendant is marked and attached hereto. *See* **Ex. A**. No orders, and no other process or pleadings, have been served upon the Defendant in this matter.

15.    As such, the Defendant requests that this matter be removed to the United States District Court for the Eastern District of New York.

16.    Contemporaneously herewith, written notice is given to all parties and to the Clerk of the Supreme Court of New York, County of Kings, that this Notice of Removal is being filed with this Court.

**WHEREFORE**, the Defendant, Scottsdale Insurance Company, files this Notice of Removal so that the entire state court action under Index Number 507986/2016 now pending in the Supreme Court of New York, County of Suffolk, shall be removed to this Court for all further proceedings.

Dated: New York, NY
      June 17, 2016                 Respectfully submitted,

                                    GOLDBERG SEGALLA LLP

                                    */s/ Todd Kremin, Esq.*
                                    Todd Kremin, Esq.
                                    Attorneys for Defendant,
                                    Scottsdale Insurance Company
                                    600 Lexington Avenue, Suite 900
                                    New York, New York 10022-6000
                                    (646) 292-8700
                                    tkremin@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of defendant's Notice of Removal in the above-captioned matter was served upon the following, on the 20th day of June, 2016, via regular mail:

Robert Margulies
Drabkin & Margulies
*Attorney for Plaintiff*
*Surf Manor*
120 Broadway, Suite 1150
New York, New York 10270

Dated: New York, NY
June 20, 2016

GOLDBERG SEGALLA LLP

*/s/ Todd Kremin, Esq.*
Todd Kremin, Esq.
Attorneys for Defendant, General Casualty
Company of Wisconsin
600 Lexington Avenue, Suite 900
New York, New York 10022-6000
(646) 292-8700
tkremin@goldbergsegalla.com

**Exhibit "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
GISSIM, INC. d/b/a SURF MANOR HOME FOR ADULTS

                              Plaintiff

          -against -

SCOTTSDALE INSURANCE COMPANY

                           Defendants
-------------------------------------------------------------------------x

COMPLAINT

INDEX NO.: 507986/2016

    Plaintiff, GISSIM, INC., D/B/A SURF MANOR HOME FOR ADULTS, by its attorneys,

DRABKIN & MARGULIES, sets forth the following as and for its Complaint against

Defendants, and alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff GISSIM, INC. D/B/A SURF MANOR
   HOME FOR ADULTS (SURF MANOR) is a domestic corporation doing business in the
   County of Kings, City and State of New York.  Plaintiff is in the business of operating an
   adult care facility, pursuant to, and regulated by the New York State Social Services Law,
   and regulations thereunder.

2. At all times hereinafter mentioned, Defendant SCOTTSDALE INSURANCE
   COMPANY (SCOTTSDALE) was and still is a non-domestic insurance company, doing
   business in the State of New York.

3. Defendant issued an insurance policy covering Plaintiff, under Policy number
   OPS0058891, for the period August 5, 2011 to August 5, 2012, (the Policy) which policy
   provided both general liability (GL) coverage ( limits of $2 million dollars per occurrence
   resulting from 'bodily injury' or 'property damage' occurring during the policy period),

and professional liability (PL) coverage (Claims Made- limits of $2 million per each Claim resulting from a 'wrongful act' committed on or after August 5, 2008, such 'wrongful act' defined in the Policy as "any act, error, or omission in the furnishing of professional health care service. It includes furnishing of food, beverages, medications or appliances in connection with those services"). In addition, there is coverage under the GL Policy for "personal and advertising injury" which includes "wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of the owner, landlord or lessor."   With respect to all these Policy coverages, the Policy provides that "We (Scottsdale) will have the right and duty to defend the insured against any "suit" seeking those damages."

## THE UNDERLYING LAWSUIT

4.  Prior to, and at the time of the commencement of this action, SURF MANOR has been, and continues to be a defendant in a lawsuit brought by NORMAN BLOOMFIELD, and 3 other plaintiffs (plaintiffs herein referred to as BLOOMFIELD) pending in Supreme Court, Kings County, under Index No. 9038/2012, commenced on or about May 1, 2012. A copy of the Summons and Complaint is attached hereto as Exhibit A. (The other three named plaintiffs are no longer in the case, having voluntarily discontinued their cases).

5.  BLOOMFIELD has sued SURF MANOR (and 2 other defendants, one of which is an insured person, and one entity is not an insured entity) claiming, inter alia, that, for the period of time from 2009 to 2012, as a resident of SURF MANOR, he has sustained a variety of damages, including monetary damages, due to "dangerous and uninhabitable living conditions" (paragraphs 37-52) resulting in, among other things, bed bugs, scabies

infections and skin rashes and itching, "failure to remedy dangerous conditions in the facility" (paragraphs 53-66), "failure to maintain the facility in a clean and sanitary condition endangering residents health and safety" (paragraphs 67-76), "failure to ensure the safety of residents and their property" (paragraphs 87-96); failure to diagnose residents suffering from scabies, failure to conduct timely resident evaluation, failure to provide requisite health care and case management services, failure to assist residents to arrange health services and provide timely transportation, which have left some residents waiting extended periods of time to receive needed medical care (see paras 108-111) and a variety of other claims.  It is noted in paragraph 64 that BLOOMFIELD claims that "these dangerous conditions pose significant threats to the health, safety and welfare of residents of Surf Manor, and in paragraph 65, that there is a pattern of "Surf Manor...neglect of the facility resulting in dangers to resident's health and safety." There are other similar allegations of conditions which are alleged to have resulted in "dangers to resident's health and safety" (see paragraph 73 and 74 as an example). In addition, it is claimed that defendant's failures have delayed and prevented residents from attending medical appointments and accessing medical care." (para 111).

6. Among the Request for Relief is noted, C) "Awarding Plaintiffs: (1) Compensatory damages in an amount to be determined at trial.  It is noted in paragraph 46 that plaintiff claims that "Defendants have provided no compensation for resident's monetary, emotional and physical damages..." It is also noted that BLOOMFIELD is claiming that under NY Exec Law 296 (New York State Human Rights Law), damages including actual damages.

7. BLOOMFIELD's complaint also alleges that "Defendants fail to ensure the safety of

Residents and their property" (paragraphs 87-96) and "Defendants have failed to safeguard Resident's Finances (paragraphs 97-103). Among these allegations include specific claims of Property damage (see paragraphs 94-96), physical injury to tangible property and loss of use of tangible property (see paragraphs 91,93,96,102 and 103), and it is not clarified that all of said property damage was to money or items that was exclusively in the care, custody and control of SURF MANOR.

8. BLOOMFIELD's complaint also alleges that SURF MANOR threatened residents with...eviction (para 83); failed to ensure that SURF MANOR staff members lock resident's doors upon exiting their rooms (para 92); that there has been a lack of safety and security (para 121); that SURF MANOR has failed to "respect resident's right to privacy in their own rooms and in caring for their personal needs (para 132 (i) and 160 (i)).

9. BLOOMFIELD's complaint also claims the SURF MANOR was negligent and breached its duty to BLOOMFIELD by violating the Implied Warranty of Habitability (see Second Cause of Action, and paragraphs 139-147) whereby BLOOMFIELD claims that "defendant's negligence is the proximate cause of its breach of duty" (para 146) and that "as a result of defendant's conduct, the Plaintiffs have suffered monetary, emotional and physical damages..." (para 147).

10. After timely tendering the Complaint to SCOTTSDALE, SCOTTSDALE issued a letter, by its attorneys, dated June 18, 2012 wherein it is stated that "because certain of the claims of the Class Action Complaint may be covered under the Scottsdale GL/PL Policy, Scottsdale agrees to defend you with respect to claims interposed in the Class Action Complaint." (said June 2012 letter attached hereto as Exhibit B)

11. In fact, Scottsdale did defend and pay defense counsel an agreed upon legal fees to defend SURF MANOR in the underlying case, from about June 18, 2012 until September 30, 2015.

12. On or about September 22, 2015, SCOTTSDALE, by its attorneys issued another letter wherein it is stated that "Based upon recent developments in the Underlying Action..... SCOTTSDALE is constrained to advise that there is no coverage available for Gissim, Inc, d/b/a Surf Manor Home for Adults...", and that "Scottsdale will not continue to defend Surf Manor..." Thus, effective September 30, 2015, Scottsdale will cease paying any attorney's fees and costs incurred in connection with the defense of the Underlying Action." The basis for this change of position is the claim by SCOTTSDALE that the Underlying Action is no longer a suit seeking "damages" and thus does not trigger coverage under any provision of The Policy. (a copy of the September 2015 letter is attached hereto as Exhibit C).

13. While there has been some ongoing pre-trial discovery in the Underlying Action, BLOOMFIELD has not withdrawn, discontinued or amended the Complaint or any of the allegations or causes of action therein, and all of said causes of action and allegations are exactly the same as in June 2012 when SCOTTSDALE issued its first letter and agreed to provide a defense of the Underlying Case, and that the Underlying Case is still pending without any finality, adjudication or resolution.

## AS AND FOR A FIRST CAUSE OF ACTION

14. Pursuant to the Policy and applicable New York law, Defendant is obligated to defend Plaintiff herein and to pay for all costs of defense, including attorney's fees, and to reimburse SURF MANOR for all defense costs and expenses it has had to pay, including

costs to commence and prosecute this present action.

15. That SCOTTSDALE's duty to defend SURF MANOR is exceedingly broad, and is broader than the duty to indemnify, especially here where the Underlying Complaint contains several facts and allegations which bring the claim even potentially within protection purchased; and that SCOTTSDALE is required to defend SURF MANOR even though it may not be required to pay once the underlying litigation has run its course.

16. SCOTTSDALE has refused to defend SURF MANOR nor pay for defense costs since September 30, 2015, and as a result, SURF MANOR has had to privately retain and pay defense counsel for defense costs and expenses. Therefore, SCOTTSDALE has breached its contract with SURF MANOR causing damages to SURF MANOR in a sum to be determined, which damages include but are not limited to the costs and expenses of defending the Underlying Case.

17. Plaintiff is entitled to a Declaratory Judgment that defendant has breached its contractual duties and obligations, including those regarding providing for and paying defense costs, and for an Order compelling SCOTTSDALE to reimburse all defense costs paid by SURF MANOR and/or to pay any outstanding defense costs as incurred by defense counsel defending the case for SURF MANOR, and for SCOTTSDALE to continue paying all defense costs and expenses until the final adjudication of the Underlying Case, and for SCOTTSDALE to pay the costs incurred by SURF MANOR in prosecuting this instant action, and for such other and further relief as may be allowed under New York law.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges all the allegations of this Complaint as if fully set forth herein.

19. SURF MANOR contends that The Policy issued by SCOTTSDALE does afford both defense and indemnity coverage to SURF MANOR, for various of the causes of action and allegations, as noted above, and as may be determined at a later date, all of which will obligate SCOTTSDALE to not only continue to pay defense costs, but also to provide indemnity coverage, and pay such indemnity sums of money as may be determined at a later stage of this case, or by this court.

20. Plaintiff is entitled to a Declaratory Judgment that defendant has breached its contractual duties and obligations, including those regarding providing for and paying indemnity costs, and for an Order compelling SCOTTSDALE to provide indemnity coverage to and on behalf of SURF MANOR and/or to pay any outstanding judgments, settlements and verdicts, as may be determined by this Court.

21. As a result of SCOTTSDALE's breach of contract as set forth herein, SCOTTSDALE has caused damage and potential damage to SURF MANOR, and owes reimbursement to SURF MANOR for costs and expenses of defense and potential reimbursement for indemnity payments, all of said damages being in an amount greater that the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff respectfully request this court to declare judgment, damages and remedies in favor of plaintiff and as against defendants, both in equity and law, and award such damages and remedies as proved, and such costs and expenses and interest of this litigation as allowable.

Dated:  New York, New York
May 12, 2016

ROBERT MARGULIES
DRABKIN & MARGULIES
Attorney for Plaintiff
SURF MANOR
120 Broadway, Suite 1150
New York, New York 10270
(212)  964-3400

To:

SCOTTSDALE INSURANCE COMPANY
c/o Superintendent of Insurance of
The State of New York
New York State Department of Financial Services
Corporate Affairs Unit
One Commerce Plaza, 20th Floor
Albany, New York 12257

HOME OFFICE:
Scottsdale Insurance Company
One Nationwide Plaza,
Columbus, Ohio, 43215

COURTESY COPY TO:

SHELLY WEIZMAN
JOTA BORGMANN
Attorneys for Bloomfield
299 Broadway
New York, New York 10007
(212) 417-3700

DLA PIPER LLP (US)
JOHN J. CLARKE, JR
MILES D. NORTON
NEAL KRONLEY
Attorneys for Bloomfield
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

**Katherine Gallagher**

| | |
|---|---|
| **From:** | efile@nycourts.gov |
| **Sent:** | Friday, May 13, 2016 12:10 PM |
| **To:** | kbas@dandmlaw.com; rmargulies@dandmlaw.com |
| **Subject:** | NYSCEF Alert: Kings - Commercial - Insurance - <ASSIGNMENT OF INDEX NUMBER> 507986/2016 (Gissim, Inc. d/b/a Surf Manor Home for Adults - v. - Scottsdale Insurance Company) |



# Kings County Supreme Court
# ASSIGNMENT OF INDEX NUMBER
This is an AUTOMATED NOTICE.

On 05/13/2016, at 11:07:42 AM, the case commenced by the following electronic filing:

Document number: **1**
Document type: **SUMMONS + COMPLAINT   Summons and Complaint**
Caption: **Gissim, Inc. d/b/a Surf Manor Home for Adults - v. - Scottsdale Insurance Company**

was assigned the following index number:

Index Number: **507986/2016**
Date of Filing: **05/13/2016**

---

## Filing User Information
User Name: **ROBERT MARGULIES**
Phone Number: **212-964-3400**
Fax Number: **212-732-4064**
Email Service Address: **rmargulies@dandmlaw.com**
Work Address: **120 Broadway, Suite 1150, New York, NY, 10271**

---

## Payment Information
Amount of payment: **$210**
Date of payment: **05/13/2016**
Payment method: **VISA/MC**
Authorization code: **02302G**
Payment Comments:

---

## E-mail Service Notifications Sent

| Name | Email Address |
|---|---|
| ROBERT MARGULIES | rmargulies@dandmlaw.com |

Note: Service of initiating documents and the "Notice of Availability Regarding Electronic Filing" (in consensual cases) or the "Notice of Commencement of Mandatory E-Filed Case" (in mandatory cases) must be

1

made in hard copy (unless the party agrees to accept service by electronic means). These forms can be found on the NYSCEF site under the "Forms" menu. The served copies also must bear the assigned Index Number and the date of filing (CPLR 305).

## Documents Filed
*(To view a document, click the document type link)*

| Doc # | Document Type | Additional Doc Info | Special Instructions | Filed Date |
|-------|---------------|---------------------|----------------------|------------|
| 1 | SUMMONS + COMPLAINT | Summons and Complaint | | |
| 2 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | | | |

*THIS E-MAIL IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND FOR THE PURPOSES OF THE NEW YORK STATE COURTS ELECTRONIC FILING SYSTEM. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR A PERSON DESIGNATED TO RECEIVE MESSAGES ON BEHALF OF THE INTENDED RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY. THANK YOU.*

Thank you | NYSCEF

---

## NYSCEF - Supreme & Court of Claims (Live System)

---

# Thank You for Filing Electronically

The NYSCEF site has successfully received your e-filed documents. A notification will be e-mailed you shortly.

Date Filings Received: **05/13/2016 11:07 AM**

## Case Summary

| | |
|---|---|
| Court: | **Kings County Supreme Court** |
| Type: | **Commercial - Insurance** |
| Index #: | **Not Assigned** |
| Short Caption: | **Gissim, Inc. d/b/a Surf Manor Home for Adults** |
| full caption | **vs** |
| | **Scottsdale Insurance Company** |

### Receipt and Notices
All documents open as PDF in a new window. Don't have a PDF viewer? __ Download Adobe Reader

| Payment Receipt | e-Filing Notice | Confirmation Notice |
|---|---|---|

**e-Filing Notice:** You must print a Notice Regarding Availability of E-Filing to serve on each party that has not consented OR in a mandatory case, a Notice of Commencement of Mandatory E-Filed Case.

**Confirmation Notice:** If submitting a working copy of this filing to the court, you must include as a notification page firmly fastened thereto a copy of this Confirmation Notice.

## Documents Filed

| Document No. | Document Type Information | Special Instructions | Contains SSN | Motion No. | Fe |
|---|---|---|---|---|---|
| | | | | | $210.0 |
| | *Index Fee* | | No | | $0.0 |
| 1 | SUMMONS + COMPLAINT<br>Summons and Complaint | | | | |
| | | | No | | + $0.0 |
| 2 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | | | | |
| | | | | **Total Fees** | **$210.0** |

Add Case to eTrack     Home

**Katherine Gallagher**

| | |
|---|---|
| **From:** | efile@nycourts.gov |
| **Sent:** | Friday, May 13, 2016 11:08 AM |
| **To:** | efile@nycourts.gov; kbas@dandmlaw.com; rmargulies@dandmlaw.com; kingsccef@nycourts.gov; KingsEF@nycourts.gov |
| **Subject:** | NYSCEF Notification: Kings - Commercial - Insurance - <SUMMONS + COMPLAINT> (Gissim, Inc. d/b/a Surf Manor Home for Adults - v. - Scottsdale Insurance Company) |

☒

# *Kings County Supreme Court Notification 05/13/2016*

This is an AUTOMATED response for Supreme Court / Court of Claims cases.
*Please retain this notification for your records.*

The NYSCEF web site has received documents from the filing user, **ROBERT MARGULIES** , for the following case/claim.

## Case Information

Index #: **Not Assigned**
Short Caption: **Gissim, Inc. d/b/a Surf Manor Home for Adults - v. - Scottsdale Insurance Company**
Assigned Case Judge: **No Judge Assigned**

## Filing User Information

User Name: **ROBERT MARGULIES**
Phone Number: **212-964-3400**
Fax Number: **212-732-4064**
Email Service Address: **rmargulies@dandmlaw.com**
Work Address: **120 Broadway, Suite 1150, New York, NY, 10271**

## Authorized Agent Information

User Name: **Katherine Bas**
Phone Number: **212-964-3400**
Fax Number: **212-732-7064**
Email Service Address: **kbas@dandmlaw.com**
Work Address: **120 Broadway, Suite 1150, New York, NY, 10271**

## Documents Filed
*(To view a document, click the document type link)*

| Doc # | Document Type | Additional Doc Info | Special Instructions | Filed Date |
|---|---|---|---|---|

1

| 1 | SUMMONS + COMPLAINT | Summons and Complaint | | 05/13/2016 |
| 2 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | | | 05/13/2016 |

**E-mail Service Notifications Sent**

| Name | Email Address |
| --- | --- |
| ROBERT MARGULIES | rmargulies@dandmlaw.com |

**NYSCEF has no record of opt out or participation recorded for the parties listed below**

| Party Name | Role |
| --- | --- |
| Scottsdale Insurance Company | Respondent |

*THIS E-MAIL IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND FOR THE PURPOSES OF THE NEW YORK STATE COURTS ELECTRONIC FILING SYSTEM. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR A PERSON DESIGNATED TO RECEIVE MESSAGES ON BEHALF OF THE INTENDED RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY. THANK YOU.*

**Hon. Nancy T. Sunshine , Kings County Clerk**
**Phone:** 347-404-9760   **Website:** https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

Form 27 –GENERAL PURPOSE                                    Jehan


P517807

**DRABKIN & MARGULIES ESQS**   Katherine Bas
SUPREME COURT KINGS COUNTY STATE OF NEW YORK
GISSIM, INC. D/B/A SURF MANOR HOME FOR ADULTS

                                                     PLAINTIFF          Index No. 507986/2016
                                                                        Date Filed
                    – vs –                                              Office No.
                                                                        Court Date.
SCOTTSDALE INSURANCE COMPANY

                                                     DEFENDANT

    STATE OF NEW YORK, COUNTY OF NEW YORK        :SS:

ERIC GOLDKLANK  being duly sworn, deposes and says; I am over 18 years of age, not a party to
this action, and reside in the State of New York. That on the  **19TH** day of  **MAY, 2016 11:01AM**
at
    **C/O SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES CORPORATE AFFAIRS UNIT ONE STATE STREET
    NEW YORK NY 10004**
I served a true copy of the **NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC
FILING SUPREME COURT CASES, SUMMONS AND COMPLAINT** upon **SCOTTSDALE INSURANCE COMPANY** the
**DEFENDANT** therein named by delivering to, and leaving personally with **MICHELLE BIRNBAUM,
PARALEGAL AUTHORIZED TO ACCEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time
and circumstances of the service as follows:
SEX: **FEMALE** COLOR: **WHITE** HAIR: **BROWN**
APP.AGE: **50** APP. HT: **5'6** APP. WT: **160**
OTHER IDENTIFYING FEATURES
**GLASSES**

COMMENTS:

Sworn to before me this
20TH day of MAY, 2016


NADIL R RAMUSEVIC                          ERIC GOLDKLANK DCA LIC #1298914
Notary Public, State of New York           inSync Litigation Support, LLC
No. 01RA6019423                            75 MAIDEN LANE 11TH FLOOR
Qualified in QUEENS COUNTY                 NEW YORK, NY 10038
Commission Expires 03/22/2019              Reference No: 3-DM4-517807



**inSync**

*Easier Litigation Support*
75 Maiden Lane, 11th Floor, NEW YORK, NY 10038
Phone : (212) 233-4040 Fax : (212) 732-4327
Email : info@insynclitigation.com
www.insynclitigation.com

## PLEASE SEND THIS SLIP WITH YOUR WORK




Supreme KINGS

**Service of Process (including subpoenas and so-ordering), Commencement and Notice of Claims**
Serve Process
File Affidavits
eFile if required

| DS2 Acct # : S39309    Request # : **10-37-8238** | Index # : 507986/16 |
|---|---|
| Katherine Bas<br>DRABKIN & MARGULIES<br>120 BROADWAY<br>NEW YORK,NY 10271 | Plaintiff : Gissim, Inc., d/b/a Surf Manor Home for Adults.<br><br>Defendant : Scottsdale Insurance Company |
| Completion Date : | |

**Instructions :**
Please serve the attached Summons and Complaint on all parties and provide us with Affidavits of Service



| Client : |
|---|
| Contact Person : Katherine Bas |
| Email : kbas@dandmlaw.com |
| Requested : 5/13/2016         Requ |

All services to be performed by inSync, as request
http://www.insynclitigation.com/Content/Terms.aspx, v
EXPRESS WARRANTIES and a LIMITATION OF LI

Dear inSync Client,

The attached affidavits have been efiled.

An email confirming filing, with a clickable link to the filed affidavit should have already been sent to you by NYCEF. Both the signed (not yet filed) and the efiled affidavits are available on **www.insynclitigation.com** through your Client Login.

Paperless Option! If having the already efiled affidavit scans electronically stored both by NYCEF and inSync is sufficient, we can help your office reduce paper by securely shredding the paper affidavit. To choose this option email **info@insynclitigation.com**