UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GISSIM, INC. d/b/a SURF MANOR HOME
FOR ADULTS,

      Plaintiff,

  - against -

SCOTTSDALE INSURANCE COMPANY,

      Defendant.
------------------------------------------------------x

MEMORANDUM AND ORDER

16-CV-3306 (ILG) (SLT)

GLASSER, Senior United States District Judge:

## INTRODUCTION

  This is an action in which the Plaintiff, Gissim, Inc., doing business as "Surf Manor Home for Adults" ("Surf Manor"), is seeking a judgment which would declare that the Defendant, Scottsdale Insurance Company ("Scottsdale") is obligated to continue defending it in a state court action in which the Plaintiff is being sued. The Defendant removed this action from the New York Supreme Court, Kings County to this Court on the basis of diversity jurisdiction, the validity of which is not contested by either party. Pending now before the Court is the Plaintiff's motion for remand pursuant to 28 U.S.C. § 1447(e). For the reasons that follow, the motion to remand is DENIED.

## FACTUAL BACKGROUND

  Plaintiff operates an adult care facility in Brooklyn, New York and is a defendant in an action brought in the New York Supreme Court, Kings County in May 2012 by residents of the facility. The residents claim, in essence, that they are experiencing deplorable living conditions due to Surf Manor's failure to maintain the facility in accordance with standards mandated by relevant regulations. DE 17-3. <u>Bloomfield, et al. v. Surf Manor Home for Adults, et al.</u>, Index

1

No. 9038-12, Supreme Court of New York, Kings County (the "Bloomfield action"). The Bloomfield action is still pending, seeking relief including compensatory and punitive damages in amounts to be determined at trial, as well as attorneys' costs and fees. DE 16-11 Exh. C.

The Defendant, Scottsdale, a non-domestic insurance company, issued a policy insuring Surf Manor against liability resulting from bodily injury or property damage, and for professional liability resulting from any acts, errors, or omissions in the furnishing of professional health care services. The policy provides the rights and duty of the Defendant to defend the insured against any suit seeking "damages" for its alleged wrongful conduct. DE 16-1 at ¶ 4. Discharging its obligation, the Defendant did defend Surf Manor in the Bloomfield action from June 18, 2012 to September 30, 2015, when it notified Surf Manor that it was discontinuing its defense based upon the following testimony from plaintiffs in the Bloomfield action:

> Mr. Bloomfield testified as follows:
>
>> Q: Are you seeking any monetary damages, any money with this lawsuit?
>>
>> Mr. Bloomfield: I'm not . . . In general, I don't think there's any request for financial damages of residents as a whole.
>
> Mr. Riddles testified as follows:
>
>> Q: We'll talk in a moment about the different pieces of this case and the allegations that you've made, but in terms of what you want done about it, do you want the court to give you money damages - - based on personal injuries?
>>
>> Mr. Riddles: No.

DE 16-1 Exh. E. It was that testimony abjuring damages which the Defendant asserts now relieves it of its obligation to defend the insured in the Bloomfield action. Id. (emphasis added).

## DISCUSSION

### I. Legal Standard for Remand

The fundamental rules pertaining to this motion are well-settled and are as follows: a civil action may be removed from state court to the district court if the district court has original jurisdiction over the action. See Milk Wagon Drivers & Dairy Emps. v. Elmhurst Dairy, Inc., No. 13 CIV. 5083 ILG, 2013 WL 6837187, at *1 (E.D.N.Y. Dec. 26, 2013); 28 U.S.C. § 1441(a). Following removal, an action may be remanded to state court due to a defect in removal procedure or a lack of subject matter jurisdiction in the federal court. Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (citation omitted); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court"). The removing party bears the burden of proof that removal was proper. Thompson v. Williams, No. 98-CV-6177 (ILG), 1998 WL 938778, at *1 (E.D.N.Y. Nov. 20, 1998). If a district court determines that the requirements for removal are met, the defendant's right to remove is absolute and a petition for remand must be denied. Id.

### II. Analysis

#### a. Removal Procedure and Subject Matter Jurisdiction are Satisfied

Neither party disputes this Court's diversity subject matter jurisdiction. 28 U.S.C. § 1332. While the diversity of citizenship between the parties is plain, the amount in controversy is not. In this action, the Plaintiff does not plead a specific amount of damages in its complaint. It is the Bloomfield action which will determine the amount in controversy of the Defendant's contested

obligation to defend the insured. The complaint in the Bloomfield action does not specify an amount sought from Surf Manor, but requests compensatory and punitive damages in amounts "to be determined at trial." DE 17-3 at p. 32. The amount for which this Plaintiff may ultimately be liable in that action, whether for "damages" in the traditional sense or for attorneys' fees and other costs of having to defend the action itself, is at this juncture unknown.

It is enough to satisfy the jurisdictional requirement that the Court may find by a preponderance of the evidence that the amount in controversy may be $75,000 or more. See 28 U.S.C. § 1446(c), which provides, in relevant part, that a notice of removal may assert non-monetary relief if the district court finds "by a preponderance of the evidence" that the amount exceeds $75,000. Plaintiff seeks, in unspecified amounts, defense costs and indemnity for the amount which it may be liable in the Bloomfield action, as well as attorneys' costs and fees incurred in this action. DE 1 Exh. A. Given the allegations in the Bloomfield action and the costs of continuing to defend that action, this Court finds by a preponderance of the evidence that the value to Plaintiff of a declaratory judgment in its favor may exceed $75,000. 28 U.S.C. § 1446(c).

### b. Plaintiff's Arguments for an Expansive Reading of 28 U.S.C. § 1447(e) are Not Persuasive

Notwithstanding that this action was properly removed, Plaintiff contends that the Court should remand it pursuant to "discretionary authority" in 28 U.S.C. § 1447(e). DE 16-2 at ¶ 6. That statute provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." It must be noted that the Plaintiff has not sought to join additional defendants and that statute is not applicable.

4

Plaintiff relies on three cases to support its argument that § 1447(e) permits the Court to grant remand even where, as here, the Plaintiff has not sought to join a non-diverse defendant: Morze v. Southland Corp., 816 F. Supp. 369 (E.D. Pa. 1993); Mensah v. World Truck Corp., 210 F. Supp. 2d 320 (S.D.N.Y. 2002); and Reyes v. Rite-Line Transp., Inc., No. 13 CIV. 968, 2013 WL 3388975 (S.D.N.Y. July 8, 2013). Based upon its reading of these cases, Plaintiff urges that "the most logical, economical and equitable approach is to determine the rights and liabilities of all relevant parties in the same court that has been overseeing the litigation of the [Bloomfield] Action for the past four (4) years." DE. 16-2 ¶ 7. Each of these cases is distinguishable.

In each case, the court granted remand pursuant to § 1447(e)—absent a motion to join a non-diverse defendant—in order to allow for consolidation with a related action in state court. See Morze, 816 F. Supp. 369, 370 (remanding a negligence action against a franchisor to consolidate with a state court negligence action stemming from the same incident against a franchisee, "in the interest of preventing multiple and duplicative litigation."). In granting remand pursuant to § 1447(e) without a motion for joinder, the Morze court explained, "the Plaintiff's Motion to Remand evidences [her] desire to join [a non-diverse defendant] to the instant action." Id.; see also Mensah 210 F. Supp. 2d 320, 322 (granting remand of a motor vehicle collision case to consolidate with two state court cases from the same accident); Reyes, 2013 WL 3388975, at *4 (noting that "a strict application of 28 U.S.C. 1447(e) would result in the grant of remand only where a plaintiff seeks to join additional defendants who would destroy diversity," but nonetheless granting remand to consolidate with a state action litigating the same motor vehicle accident, as the cases "share[d] the same operative facts . . . the same evidence . . . and involve the same parties and counsel.").

Unlike Morze, Mensah, and Reyes, this case will not be consolidated with the underlying state court action if remanded. New York courts regularly hold that insurance coverage actions are to be severed from underlying actions. See e.g. Robles v. Microtech Contracting Corp., 90 A.D.3d 531 (1st Dep't 2011) (noting that severing insurance coverage and liability actions was proper in order to avoid "the prejudice that would result from the jury's awareness of the existence of liability insurance."). Plaintiff concedes this point, stating "[i]t is true that Morze, Mensah and Reyes all involved actions that were remanded for consolidation with their related state court actions, and, that the [Bloomfield] action may not be properly consolidated with the instant declaratory judgment action." DE. 18-2 at p. 2.

This Court does not have discretion to remand this action under 28 U.S.C. § 1447(e). Remanding this case serves no interest in judicial economy, as this action and the Bloomfield action will be litigated separately. There is neither identity of parties nor issues between this action and the Bloomfield action. The fact finder in the Bloomfield action will make no determinations with respect to the Defendant's duty to defend and indemnify the insured, which is the central issue in this lawsuit. There is no risk of inconsistent verdicts, as the nature of these two cases is qualitatively different. A verdict in each case will have little bearing on the other.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand is DENIED.

SO ORDERED.

Dated:       Brooklyn, New York
               December 22, 2016

                                                /s/
                                           I. Leo Glasser
                                           Senior United States District Judge